UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RASHAD WILLIAMS, | : | No. 3:13-cv-01154(MPS) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER MURPHY, ET AL., | : | |
|     Defendants. | : | May 1, 2015 |

## RULING ON PENDING MOTIONS

The plaintiff is currently incarcerated at Cheshire Correctional Institution. Pending before the Court are the plaintiff's motions to compel and defendants' motion for leave to file electronically. For the reasons that follow, the first motion to compel is granted in part and denied in part, the second motion to compel is denied, and the motion to file electronically is granted.

**I.      Motion for Leave to File Electronically (ECF No. 46)**

The defendants seek permission to file motions and documents electronically. Counsel for the defendants states that copies of all documents that are electronically filed will be mailed to the plaintiff. The motion for leave to file electronically is granted.

**II.     First Motion to Compel (ECF No. 44)**

The plaintiff states that on or about October 3, 2014, he served a first request for production of documents and a "first request for discovery" on counsel for the defendants. Counsel received these discovery requests on October 6, 2014. The Court subsequently granted counsel an extension of time until December 6, 2014, to respond to the request for production of documents and request for discovery. On November 10, 2014, counsel mailed her response to the October 2014 first request for production of documents to the plaintiff. On December 15, 2014, counsel sent the

plaintiff a response to his first request for discovery. The plaintiff seeks an order compelling the defendants to respond to requests one, two, six, ten, eleven, twelve, thirteen and seventeen of the request for production of documents, and to request two of the first request for discovery.

A party may seek the assistance of the Court only after he has complied with the provisions of Rule 37(a) of the Local Civil Rules of the United States District Court for the District of Connecticut. Under this rule, a motion to compel must include an affidavit certifying that the party has made an attempt to confer with opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the Court.

### A.     October 2014 First Request for Discovery

The plaintiff claims that defense counsel responded to the request on December 15, 2014, but is not satisfied with the response. The plaintiff has not attached a copy of his first request for discovery to his motion. Nor has the plaintiff attached a declaration certifying that he made an attempt to confer with opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the Court. Thus, he has not complied with Local Rule 37(a).

The defendants' response to the first discovery request identifies request two as seeking the names and titles of two females that accompanied mental health worker Irene Redding to see the plaintiff in the 1-East housing unit on the morning of October 28, 2010. Counsel for the defendants has provided information to the plaintiff pertaining to a visit on October 28, 2010 by mental health worker Haga. Neither the plaintiff's mental health records, nor his medical records, nor the housing unit logs reflect that Irene Redding or any other mental health worker visited the plaintiff on that morning. The Court concludes that the defendants have sufficiently responded to request two contained in the October 2014 first request for discovery.

  **B.**  **October 2014 First Request for Production of Documents**

The plaintiff has attached a declaration showing that he made a good faith effort to resolve the disputed discovery requests with regard to the October 2014 request for production of documents prior to filing the motion to compel. Thus, the plaintiff has complied with Local Rule 37(a).

  **1.**  **Document Requests One and Two**

Requests one and two pertain to the plaintiff's master file and medical file. In response to these requests, counsel informed the plaintiff that he could make arrangements with Department of Correction officials to view his master and medical files. The plaintiff contends that he did not seek permission merely to review the files, but sought copies of the files. Counsel for the defendants has indicated that plaintiff may receive free copies of documents from the files if he is indigent. If the plaintiff has not already been granted permission to view his master and his medical files, counsel is directed to arrange for the plaintiff to do so. If, after viewing the files, the plaintiff seeks copies of documents from the files that are relevant to this lawsuit, counsel shall make arrangements to have those copies made for the plaintiff. Thus, the motion to compel is granted as to these requests to the extent that the defendants have not already arranged to permit the plaintiff to review his master and medical files and make copies of documents from the files.

  **2.**  **Document Requests Ten and Seventeen**

Requests ten and seventeen seek information pertaining to Inmate Walker, who allegedly assaulted the plaintiff on October 28, 2010. Counsel for the defendants has objected to the release of information to the plaintiff pertaining to other incidents in which Inmate Walker was involved in altercations with inmates as well as Inmate Walker's security classification at the time of the assault on the plaintiff on the ground that it would jeopardize the safety and security of Inmate Walker as

well as the prison facility and because the information would not lead to admissible evidence at trial. The plaintiff claims that the information is necessary to show deliberate indifference by the defendants to his safety.

Although the objection by defense counsel to the release of information pertaining to Inmate Walker to the plaintiff on the ground of safety and security is reasonable, that legitimate concern cannot be allowed to stand in the way of the plaintiff's need to discover evidence pertinent to his claims. His claims can be read to include an allegation that the defendants acted with deliberate indifference to a known risk by placing him in a cell with an inmate who allegedly had a history of assaulting other inmates. To be sure, the plaintiff is already aware that Inmate Walker had been designated as a Security Risk Group Threat Member as of the day of the assault, and defense counsel has provided plaintiff with State of Connecticut Department of Correction Administrative Directives pertaining to the classification of inmates as Security Risk Group Threat Members and the placement of inmates in restrictive housing, including Administrative Segregation. Nevertheless, if the plaintiff can prove that the defendants were on notice that Inmate Walker had previously assaulted other inmates, that will likely bolster, or at least be relevant to, his deliberate indifference claim.

To ensure that the plaintiff has access to the evidence he needs to establish his claim and also to accommodate the defendants' obligation to protect Inmate Walker and other inmates, the motion to compel is granted as to document requests ten and seventeen under the following **protective order**: Within thirty days of the date of this order, the defendants shall arrange for the plaintiff to view and inspect incident reports and similar documents related to any assaults by Inmate Walker at Northern that occurred within three years before the events described in the

plaintiff's complaint. The plaintiff is prohibited from obtaining copies of any such documents at this time, must view the documents in a secure location in the presence of defense counsel and outside his cell, and may not take notes concerning the documents. Before the plaintiff may view any of those documents, they must be redacted to remove all identifying information of inmates other than Inmate Walker. After inspecting them and determining whether any would be helpful to his claims, the plaintiff may file a motion with the Court asking for an order that the documents be provided to the Court in camera in connection with the trial of this matter.

### 3.     Document Requests Eleven, Twelve and Thirteen

Requests eleven, twelve and thirteen seek information pertaining to the plaintiff's housing assignments within Northern Correctional Institution from November 9, 2009 to June 22, 2011. Counsel responded to these requests by indicating that the information would be disclosed during discovery. Most recently, on January 30, 2015, counsel has indicated that the information has been collected and will be produced when it has been redacted to remove information not specific to the plaintiff. If counsel has not already done so, she shall produce this information to the plaintiff within fourteen days of the date of this order. The motion to compel is granted as to these requests to the extent that counsel has not already produced information responsive to the requests to the plaintiff.

### 4.     Document Request Six

The sixth request for production of documents seeks reports or other documentation pertaining to assaults in cells by inmates who are not handcuffed against their cellmates who are handcuffed. The plaintiff seeks information pertaining to these types of assaults from June 1998 to the date of the defendants' response to the request. Counsel objected on the ground that the

information was not likely to lead to the discovery of admissible evidence. Counsel indicated, however, that she would conduct a search to determine if such information existed.

On December 15, 2014, counsel produced a redacted copy of a Report Log dated 2010 which showed incidents involving force used at Northern in 2010. Counsel has further refined this log to include only inmate on inmate assaults and has produced a copy of the Revised 2010 Report Log as an attachment to her objection to the motion to compel as well as redacted incident reports documenting inmate on inmate assaults involving one handcuffed inmate and one un-handcuffed inmate. The plaintiff has made no further attempts to contact counsel to the extent that this revised response does not meet the sixth request for documents. Accordingly, the motion to compel is denied without prejudice as to this request.

### III. Second Motion to Compel (ECF No. 48)

The plaintiff seeks an order compelling the defendants to respond to requests for production of documents mailed to them on November 24, December 18, and December 31, 2014. In his declaration and memorandum in support of the second motion to compel, the plaintiff contends that on or about December 8 or 10, 2014, he served a first set of interrogatories and a request for production of documents on defendants Haga, Robinson, Marinelli, Saylor, and Lindsey, and on or about the December 16, 2014, he served a first set of interrogatories on defendant Wilbur and a second set of interrogatories on defendants Lindsey and Robinson.[1] The plaintiff states that on December 31, 2014, he served counsel for the defendants with a second request for discovery.

On January 8, 2015, defendant Robinson responded to the second set of interrogatories addressed to her and defendant Lindsey responded to the second set of interrogatories addressed to

---

[1] The plaintiff's declaration and memorandum in support of the motion to compel are attached to the plaintiff's reply to

him. On January 15, 2015, counsel for the defendants responded to the second request for discovery. The plaintiff claims that he sent a letter to counsel for the defendants on January 18, 2015, seeking responses to outstanding discovery requests. On January 23, 2015, counsel for the defendants indicated that responses to discovery requests directed to defendants Marinelli, Haga, Robinson and Lindsey had been mailed to the plaintiff, other discovery requests addressed to defendants Saylor, Robinson and Wilbur were outstanding, and she had responded to the second request for discovery on January 15, 2015.

The plaintiff does not indicate that he made any further attempts to resolve disputes with regard to any outstanding discovery. As such, he has not complied with Rule 37(a) of the Local Civil Rules of the United States District Court for the District of Connecticut with requires that the party filing the motion to compel submit an affidavit certifying that he or she has made a good faith effort to resolve the discovery dispute with the other party without the intervention of the Court.

Furthermore, the plaintiff has not submitted copies of the discovery requests referenced in his motion, memoranda or declaration as required by the local rules of civil procedure. Local Rule 37(b)1 requires that any discovery motion filed with the Court be accompanied by a detailed memorandum of law containing the specific items of discovery sought or opposed. Rule 37(b)1 provides in pertinent part:

> Memoranda by both sides shall be filed with the Clerk in accordance with Rule 7(a)1 of these Local Rules before any discovery motion is heard by the Court. Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed. . . . Every memorandum shall include, as exhibits, copies of the discovery requests in dispute.

---

the defendants' objection to his first motion to compel. *See* ECF No. 47, at 7-22.

D. Conn. L. Civ. R. 37(b)1.

The plaintiff has failed to attach his discovery requests to his motions and has not sufficiently set forth the reasons why each of the requested items of discovery should be allowed. Thus, the plaintiff did not comply with Local Rule 37(b)1. The second motion to compel is denied for failure to comply with Local Rule 37(a) and (b)1.

## IV.     Conclusion

The defendants' Motion for Leave to File Electronically (ECF No. 46) is GRANTED.

The plaintiff's First Motion to Compel (ECF No. 44) is DENIED as to the First Request for Discovery and GRANTED IN PART AND DENIED IN PART as to 2014 First Request for Production of Documents as follows: (1) DENIED as to request six without prejudice. (2) GRANTED as to requests ten and seventeen under the protective order set forth above. Within thirty days of this order, the defendants shall respond to those requests in the manner provided by the protective order. (3) GRANTED as to requests one and two. To the extent that the defendants have not already arranged to permit the plaintiff to review his master and medical files and make copies of documents from the files, they shall do so within fourteen days of this order. (4) GRANTED as to requests eleven, twelve, and thirteen. To the extent that the defendants have not already produced information responsive to the requests, they shall do so within fourteen days of this order.

The plaintiff's Second Motion to Compel Discovery (ECF No. 48) is DENIED for failure to comply with Local Rule 37(a) and (b)1. Although the Court has denied the second motion to compel, it directs defense counsel, to the extent that she has not already done so, to respond to the first set of interrogatories directed to defendant Lindsey and to send plaintiff the supplemental

responses to the Second Request for Discovery.

The Clerk is directed to appoint pro bono counsel for the plaintiff.

**SO ORDERED** at Hartford, Connecticut, this 1st day of May, 2015.

                                                  /s/
                                          Michael P. Shea
                                          United States District Judge