# EXHIBIT 1

# Butts, J. Tyler

| | |
|---|---|
| **From:** | Butts, J. Tyler |
| **Sent:** | Thursday, July 13, 2017 3:29 PM |
| **To:** | Varunes, DeAnn |
| **Cc:** | Paul Thomas; Motherway, Carmel A.; Morkan, Linda |
| **Subject:** | RE: Rashad Williams v. Murphy, et al. [CTAG-CTAG.FID1609419] |

Attorney Varunes. Thank you for your email. I have a number of immediate concerns that I hope you will be able to address.

First, as you know from our earlier phone conversation, there is a significant dispute between Mr. Williams and the State concerning the State's ability to reduce his cost of incarceration. Again, as you know, this matter was briefed in connection with the parties' post-verdict motions. Mr. Williams does not agree with your calculation below purporting to set forth the amount of judgment payable to him. Given that dispute, I ask that you not issue any checks at this time.

Second, I am not sure I understand the State's reluctance to provide an interest calculation on the judgment, or your contention that the calculation of the statutory interest has somehow been impeded. Furthermore, I see no reason to issue portions of Mr. Williams' judgment in a piecemeal fashion. I ask that you identify the rate at which you will be calculating interest, as well as your justification for using February 24, 2017 as the date from which interest will run. I again ask that you not issue any checks at this time.

Third, I do not agree that the only costs and fees that Mr. Williams may recover are the cost of his filing fee. Specifically, if we are going to be forced to litigate the cost of incarceration issue, Robinson & Cole specifically reserves its right to make a claim for any attorneys' fees to which it might be entitled to, statutorily or otherwise. I ask again that you consent to Mr. Williams' request that the deadline to move for costs and fees be extended so that we may deal with that issue when all others are resolved.

Finally, I strongly disagree with your assertion that the cost of incarceration issue is outside the jurisdiction of the federal court. In fact, in the State's response to Mr. Williams' briefing on the issue (Dkt. No. 195), the State argued only that the issue was premature and not ripe given the possible pendency of the appeal. That appeal having been withdrawn, the issue is ripe. If you have some authority for the proposition that the matter is most appropriately litigated in state court or in any administrative proceedings, I would ask that you please forward it to me immediately. Otherwise, we will be filing the appropriate motion(s) with the District Court.

Thank you,
Tyler

**J. Tyler Butts**

Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Direct 860.275.8226 | Fax 860.275.8299
jbutts@rc.com | www.rc.com
Bio | Contact Card

**Robinson+Cole**

Boston | Hartford | New York | Providence | Stamford
Albany | Los Angeles | Miami | New London

**From:** Varunes, DeAnn [mailto:DeAnn.Varunes@ct.gov]
**Sent:** Thursday, July 13, 2017 2:43 PM
**To:** Butts, J. Tyler
**Cc:** Paul Thomas; Motherway, Carmel A.
**Subject:** Rashad Williams v. Murphy, et al. [CTAG-CTAG.FID1609419]

Counselor:

I am waiting for inmate Rashad Williams ("Williams") to execute IRS form W-9 and SP-26, forms required by the State of Connecticut, Office of the Comptroller. These forms were provided, via e-mail, to Attorney Paul Thomas (court appointed stand by counsel in *Williams v. Murphy, et al.*, 3:13-CV-1154(MPS), on June 27, 2017 (W-9) and July 7, 2017 (SP-26).  To date, the forms have not been returned to me and as a result payment of the amended judgment of $300,000, including the calculation of statutory interest from February 24, 2017 to present, has been impeded. Therefore, in an effort to pay the amended judgment immediately, I have requested the State of Connecticut, Office of the Comptroller to immediately issue three checks, without the forms for the IRS. The amended judgment is to be paid as follows:

    1) $15,140 made payable to Connecticut Child Support for fulfilling his statutory obligation to reimburse a child support lien;
    2) $142,430 made payable to the Department of Administrative Services to fulfill statutory obligation for cost of incarceration;
    3) $142,430 made payable to Williams.

The statutory interest on the amended judgment will be calculated once these forms are returned and a separate check will issue at that time.

As for Williams' motion for costs and fees, I foresee only the reimbursement of the filing fee cost ($400.00). This is the only cost that Williams has pursued since judgment entered in July 2016. All other fees associated with this case, *Williams v. Murphy*, 3:13-CV-1154(MPS), were paid by the court due to Williams' in forma pauperis status. I submit that Robinson and Cole will have no fees or costs associated with the district court case. Once the court issues a ruling/order on this issue, the State of Connecticut, Office of Comptroller will process payment immediately.

As for any challenges to the cost of incarceration lien, this issue is outside the jurisdiction of the federal court and will need to be pursued by Williams in state court or state administrative proceedings to the extent any such remedies are available.

Kind regards,
DeAnn.




DeAnn S. Varunes
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT  06105

Phone:  860-808-5450
Fax:  860-808-5591
E-mail:  deann.varunes@ct.gov

---

**From:** Butts, J. Tyler [mailto:jbutts@rc.com]
**Sent:** Wednesday, July 12, 2017 9:35 AM
**To:** Varunes, DeAnn
**Cc:** Paul Thomas; Morkan, Linda
**Subject:** Rashad Williams v. Murphy

Good morning Attorney Varunes – Following up on our conversation a few weeks ago, I wanted to see if you'd had a chance to touch base with the necessary people in your office with respect to how you'd like to proceed with the costs of incarceration issue in the *Williams* matter. As you may recall, I had suggested that we prepare a joint letter to Judge Shea flagging the issue and asking for a conference to set a scheduling order for briefing on the issue. I'm happy to circulate a draft letter assuming your office is agreeable to that course of action.

On a related note, have the powers-that-be in accounting provided a breakdown of the payments that the State anticipates making, including the interest calculation? If possible I would like to take a look at that before the checks are printed.

Finally, and as I believe we had discussed on the phone, Judge Shea gave Mr. Williams 14 days following the entry of a Second Circuit mandate to revive his motion for costs and fees. Because I think it's possible we may have additional fees going forward, I would like to move the Court for an extension until we get a ruling on the costs of incarceration issue so that the costs and fees can be dealt with just once at the end. Please let me know if you consent to such an extension. I would ideally like to get something on file later this week.

Thanks very much,
Tyler

**J. Tyler Butts**

Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103
Direct 860.275.8226 | Fax 860.275.8299
jbutts@rc.com | www.rc.com
Bio | Contact Card

---

**Robinson+Cole**
Boston | Hartford | New York | Providence | Stamford
Albany | Los Angeles | Miami | New London

---

This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution, or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone at 1-860-275-8200, or e-mail at it-admin@rc.com, and immediately delete this message and all its attachments.

3