UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| RASHAD WILLIAMS | |
|---|---|
| Plaintiff, | Case No.: 3:13-cv-01154-MPS |
| v. | |
| PETER MURPHY, ET AL., | |
| Defendants. | NOVEMBER 22, 2017 |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO UNFREEZE ASSETS

Plaintiff Rashad Williams obtained a $300,000 judgment in this action for violations of his civil rights committed by an employee of the State of Connecticut. (Dkt. No. 216). The State of Connecticut appointed counsel to represent the employee at trial and has voluntarily accepted the responsibility to indemnify him for his wrongdoing. Since the judgment entered, the State has gone to significant lengths to attempt to reduce its liability and to deny Mr. Williams full compensation for his damages.

As previously set forth in Mr. Williams's Motion for Aid of Judgment (Dkt. Nos. 241, 242), the State has wrongfully failed to pay Mr. Williams $142,430 of his $300,000 judgment. Apparently not content with reducing its liability by nearly half, the State has now also unilaterally and without due process seized $65,000 of Mr. Williams's judgment by unilaterally ordering a freeze on his inmate trust account. By virtue of these two actions, the State is now attempting to claw back nearly 70% of the entire § 1983 judgment.

Not only was the State's action in freezing Mr. Williams's funds done without a valid legal basis and in derogation of his property rights, but the State's conduct continues to flout this Court's authority and jurisdiction over the payment and satisfaction of the judgment it issued in

2016. For all of the reasons set forth below, Mr. Williams respectfully requests this Court to order the State to immediately unfreeze his funds.

**FACTUAL BACKGROUND & ARGUMENT**

In August 2017, Mr. Williams and the State agreed to attend a settlement conference with Magistrate Judge Martinez to discuss Mr. Williams's motion challenging the State's ability to recover its cost of incarceration from his § 1983 award under Connecticut General Statutes § 18-85b. (Dkt. No. 244). Shortly before that settlement conference, Assistant Attorney General Varunes (counsel for defendant Marinelli) informed the undersigned that, in addition to claiming $142,430 as costs of incarceration, the State also intended to seek reimbursement under General Statutes § 51-298 for monies expended by the State's Public Defenders Service Commission in connection with Mr. Williams's use of public defender services. This was the first time that the State mentioned that it believed it could further reduce Mr. Williams's § 1983 award on the basis of reimbursing itself for monies expended in connection with Mr. Williams's public defender costs. At that time, Attorney Varunes provided Mr. Williams's counsel with a single page purporting to account for the cost of Mr. Williams's legal representation. (Exhibit 1). That accounting totaled $48,843.42 – $41,999.85 for "Legal Representation" and $6,843.57 for "Various" "Other Expenses." (*Id*.).

Immediately following an unsuccessful settlement conference on October 13, 2017, the State unilaterally froze $65,000 in Mr. Williams's inmate trust account. (Exhibit 2). Mr. Williams's account statement indicates that the freeze was pursuant to a "COURT ORDER." (*Id*.). After becoming aware of this freeze, and having not been provided with any paperwork or notification concerning the freeze, the undersigned asked Attorney Varunes to provide all documentation concerning the State's "Court Order[ed]" freeze. After two such requests went

unanswered, on November 13, 2017, Attorney Varunes provided the undersigned with a Superior Court Summons and Complaint seeking to recover $48,843.42 in public defender costs. (Exhibit 3). The Summons and Complaint were also dated November 13, 2017, which is a tacit admission that the State unilaterally and without due process froze Mr. Williams's funds, even while representing that the freezing was the result of a "Court Order." No such court order apparently exists. Even after belatedly instituting suit in response to the undersigned's inquiries requesting the basis for the State's authority for the freeze, the State has still not made any *post hoc* effort to legitimize its behavior.

Moreover, the State's actions in connection with its claim for public defender fees are only the latest in a pattern of behavior demonstrating the State's clear disregard for Mr. Williams's rights. Substantively, the State's efforts to reduce Mr. Williams's § 1983 judgment to recover public defender fees suffers from the same constitutional defect as the State's cost of incarceration claim, which is currently being challenged by Mr. Williams before this Court. Because of that, Mr. Williams will be removing the new action to federal court, and filing a Notice of Related Case pursuant to Local Rule of Civil Procedure 40(b)(2).

Mr. Williams's account must be unfrozen as the State has acted without any legal authority and continues to flout this Court's power over its judgments; the State cannot simply seize Mr. Williams's assets whenever and however it pleases, and, as those funds represent the judgment paid by the State, it has no legal right to lay claim to it without this Court's prior permission.

**CONCLUSION**

For the foregoing reasons, Plaintiff Rashad Williams respectfully requests that the Court order that the State of Connecticut unfreeze the $65,000 of his § 1983 judgment in his Inmate Trust Account.


Respectfully submitted,            **PLAINTIFF**
                                   **RASHAD WILLIAMS**

                                   By:  */s/ J. Tyler Butts*
                                          Linda L. Morkan
                                          J. Tyler Butts
                                          ROBINSON & COLE LLP
                                          280 Trumbull Street
                                          Hartford, CT  06103-3597
                                          Tel:  860-275-8200
                                          Fax:  860-275-8299

## **CERTIFICATION**

I hereby certify that on November 22, 2017 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: */s/ J. Tyler Butts*
J. Tyler Butts