**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| RASHAD WILLIAMS, Plaintiff, v. PETER MURPHY, ET AL., Defendants. | No. 3:13-cv-01154 (MPS) |

## RULING ON MOTION FOR RECONSIDERATION

In 2016, a federal jury found that a Connecticut Department of Correction ("DOC") employee maliciously violated the Eighth Amendment rights of inmate Rashad Williams and awarded him compensatory and punitive damages under 42 U.S.C. Section 1983 ("Section 1983"). After the judgment became final, the State of Connecticut chose to indemnify its employee and to attempt to claw back from Williams the bulk of his award using state laws that allow it to recover the costs of incarcerating him and providing him with public defender services. Williams subsequently filed motions for aid of judgment and to unfreeze assets challenging the State's actions. (ECF No. 241; ECF No. 256.) I ruled that the State of Connecticut's actions in this respect were preempted by Section 1983 and therefore "null and without effect with respect to Williams's judgment." (ECF No. 280 at 44.) I therefore concluded that Williams could "proceed against [defendant Dennis Marinelli] for the full amount of his outstanding judgment with post-judgment interest," which I calculated to be $287,433.92. (*Id.*) Now before me is Marinelli's motion for reconsideration of that ruling. Given that Marinelli's motion is predicated on a misunderstanding of my ruling, I hereby deny his motion.

## I.    Background[1]

Williams filed a complaint under Section 1983 alleging, among other things, that Northern Correctional Institution personnel had been deliberately indifferent to unsafe conditions in violation of the Eighth and Fourteen Amendments to the United States Constitution.  (ECF No. 1 at 9.)  After a five-day trial in July 2016, a jury agreed and rendered a verdict in favor of Williams against defendant Marinelli in the amount of $250,000 in compensatory damages and $400,000 in punitive damages.  (ECF No. 178.)  After remittitur, that verdict was reduced to $300,000—$250,000 in compensatory damages and $50,000 in punitive damages.  (ECF No. 220.)

The State indemnified Marinelli and subsequently attempted to use several state reimbursement statutes to claw back the bulk of Williams's judgment.  On July 27, 2017, the Assistant Attorney General sent a check for $142,430 to the Connecticut State Department of Correction with instructions that it be deposited into Williams's inmate account, asserting that it "represent[ed] payment in full" of Williams's judgment.  (ECF No. 241-2 at 2.)  This half-payment[2] represented payment in full, in the State's view, due to the application of Conn. Gen. Stat. § 18-85b, which allows the State to proceed against any person for the "amount of the costs of [their] incarceration or fifty per cent of the proceeds received by such person after payment of all expenses connected with the cause of action, whichever is less."  The State subsequently

---

[1] I presume the parties' familiarity with the facts of this case and therefore only briefly describe the relevant background for this ruling.

[2] The full amount of Williams's judgment after remittitur was $300,000.  The State deducted a total of $15,140 from that amount to account for outstanding child support owed by Williams.  (*See* ECF No. 241-1 at 3 (noting that $15,140 of Williams's judgment would be "made payable to Connecticut Child Support for fulfilling [Williams's] statutory obligation to reimburse a child support lien").)  Williams did not contest this action in his motion for aid of judgment.  (*See* ECF No. 241 at 4.)  That reduced Williams's judgment to $284,860.

relied upon Conn. Gen. Stat. § 51-298, which allows it to recover the cost of certain public

defender services, in an attempt to recover "at least $48,482.42"[3] more of Williams's judgment.

(ECF No. 257-3 at 3 (a complaint filed in state court against Williams).)

Williams did not sit idly by as the State filed these motions. On August 17, 2017, he

filed a "motion for aid of judgment" requesting that the Court find that the State's application of

Conn. Gen. Stat. § 18-85b to his judgment was preempted by Section 1983.[4] (ECF No. 240 at 1).

After the State filed a complaint against him for the cost of his public defender services,

Williams filed a motion to unfreeze assets claiming that the State of Connecticut had frozen

$65,000 of his judgment in his inmate account.[5] (ECF No. 257 at 1.) In a ruling issued on

March 29, 2018, I granted in part and denied in part Williams's motion for aid of judgment, and

denied his motion to unfreeze assets. (ECF No. 280 at 44.) In particular, I concluded that "[t]he

State of Connecticut's application of its authority to recover the costs of incarceration and

providing public defender services after its voluntary indemnification of Marinelli for an award

including punitive damages so undermines the purposes of [Section 1983] as to be preempted."

(*Id.* at 31-32.) I therefore "conclud[ed] that these actions ha[d] not reduced the amount of the

judgment owed by Marinelli, the judgment debtor." (*Id.* at 32.) While I noted that the Eleventh

---

[3] At a hearing held on Williams's motions in this case on March 14, 2018, counsel for the State represented that the $48,000 amount covered only a portion of Williams's prior public defender services and that the ultimate amount sought by the State would likely be higher.

[4] After Williams filed this motion, I "certifie[d] to the Connecticut Attorney General that [Williams] ha[d] raised a constitutional challenge to Connecticut's cost of incarceration statute," and that the State would have sixty days to intervene in the matter under 28 U.S.C. § 2403(b). (ECF No. 243; *see also* Fed. R. Civ. P. 5.1). The State eventually filed a brief responsive to Williams's motion. (ECF No. 268.)

[5] Williams also attempted to remove the state court action concerning the public defender lien to this Court. I subsequently granted the State's motion to remand that matter to state court. (*See Connecticut v. Williams*, 17cv2023 at ECF No. 22.)

Amendment to the United States Constitution barred me from "issu[ing] an order requiring the State of Connecticut to pay Williams any portion of his judgment" (*id.* at 33), I determined that "it [did] not prevent me from concluding that the State's actions have not satisfied [Williams's] judgment and that Marinelli remains liable for the full amount." (*Id.* at 37.) I therefore granted "Williams declaratory relief and [held] that his judgment against Marinelli ha[d] not been satisfied due to the fact that the State of Connecticut's actions in this case . . . conflict with Section 1983 and are therefore preempted." (*Id.* at 44.)

On April 12, 2018, Marinelli filed a motion for reconsideration of the Court's order. (ECF No. 286.)

## II. Discussion

### a. Legal Standard

A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . ." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Instead, "the standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* D. Conn. L. R. 7(c)(1) ("[Motions for reconsideration] will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order.").

### b. Analysis

Marinelli advances three arguments in his motion for reconsideration: (1) that the Court lacked jurisdiction to issue a declaratory judgment against Marinelli under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908) (ECF No. 286 at 5); (2) that Williams lacked standing to seek declaratory relief against Marinelli (*id.* at 9); and (3) that the Court's order will result in a "manifest injustice" to Marinelli (*id.* at 12). Marinelli also asks the Court "to clarify whether funds used for personal use and consumption by Williams can be applied as . . . credited against the full amount owed to Williams to satisfy [Williams's] judgment." (*Id.* at 14.) I address each of these points in turn.

### i. Court's Jurisdiction

Marinelli first argues that the Court lacked jurisdiction to issue a declaratory judgment against Marinelli under the *Ex Parte Young* doctrine due to the fact that he is no longer a state officer. (ECF No. 286 at 7.) This contention relies on a faulty premise—I did not issue a declaratory judgment against Marinelli under the *Ex Parte Young* doctrine. Rather, I ruled that "the State's actions have not satisfied [Williams's] judgment and that Marinelli remains liable for the full amount." (ECF No. 280 at 37.) The Court's jurisdiction over Marinelli did not stem from *Ex parte Young* but instead from its "inherent authority to enforce its judgments," (*id.* at 12), which includes "the power to determine whether the judgment has been satisfied." (*Id.* at 13 (citing *Bryan v. Erie Cty. Office of Children & Youth*, 752 F.3d 316, 323 (3d Cir. 2014) ("In ongoing litigation, district courts have the jurisdiction to decide whether the parties have settled the action or have satisfied the judgment."); *Jarvis v. Comm'r of Soc. Sec.*, 2008 WL 2757608 at *5 n.7 (W.D. Mich. July 11, 2008) ("[I]t appears that this court would retain jurisdiction [in post-judgment proceedings involving questions over the proper payee] to determine whether the

judgment has been satisfied."); Fed. R. Civ. P. 60(b)(5) (permitting relief from judgment if court concludes "the judgment has been satisfied, released or discharged")).)

Further, as I noted in my ruling, the "Eleventh Amendment does not affect the Court's jurisdiction over Marinelli, the actual defendant and judgment debtor in this case." (ECF No. 280 at 12 (citing *Hafer v. Melo*, 502 U.S. 21, 31 (1991) ("We hold that state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983. The Eleventh Amendment does not bar such suits. . . .")), 37 ("[T]he Eleventh Amendment does not prevent me from exercising jurisdiction over Marinelli, the actual judgment debtor in this case, as he was sued in his individual case.").) Thus, I did not need to rely upon *Ex parte Young* to determine that the judgment against Marinelli remained unsatisfied.

### ii.    Williams's Standing

Next, Marinelli contends that Williams lacked Article III standing to seek the declaratory relief the Court supposedly granted him. (ECF No. 286 at 9.) In particular, he contends that Williams was unable to demonstrate that the injuries he suffered from the State's action were redressable by a favorable decision against him. (*Id.* at 9-10.) This argument likewise misapprehends the nature of the Court's ruling, which determined, in essence, that Marinelli still owes the bulk of the judgment against Williams. As noted, the Court's ruling made clear that Williams may still collect his judgment from Marinelli, and Williams clearly had standing to seek relief that would facilitate the collection of his judgment.

### iii.    Manifest Injustice to Marinelli

Marinelli also contends that the Court's ruling resulted in a manifest injustice to him because he "relied upon the State's indemnification" and the Court has now thrust the burden of paying Williams's judgment back upon him. (ECF No. 286 at 12.) But as even he

acknowledges, Marinelli had no entitlement to indemnification in this case, (*see* ECF No. 286 at 8 (describing Marinelli as the beneficiary of a "discretionary decision by a state official" regarding indemnification)), and thus no basis to "rel[y]" upon it. Further, Section 1983 itself precludes a state employee from relying on any notion that he will suffer no consequences if a jury determines that he has maliciously violated a citizen's federal rights.[6]

### iv. Clarification of Marinelli's Liability

For the first time, Marinelli brings to the Court's attention the issue of various withdrawals and purchases made by Williams from his inmate account, averring that Williams has spent nearly $17,000 of the funds the State deposited into his account. (*See* ECF No. 286 at 13, Attachment A (listing these deposits).) Marinelli asks the Court to clarify "whether funds used for personal use and consumption by Williams can be applied as . . . credited against the full amount owed to Williams to satisfy the amended judgment." (ECF No. 286 at 13-14.) Williams does not address this argument in his response. To be sure, if Williams did spend these amounts, it would be consistent with my March, 2018 ruling to credit Marinelli for these sums. (*See* ECF No. 280 at 28-29, 41 (treating Williams's acquiescence in payment of $15,140 to custodial parent of his child as compensation to Williams because it satisfied his debt to a third party, and crediting Marinelli for that amount).)

Nonetheless, I deny Marinelli's request for two reasons. First, "[a] motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency of the underlying motion." *See Palmer v. Sena*, 474 F. Supp. 2d 353, 355 (D. Conn. 2007) (internal quotation marks omitted).

---

[6] As I noted in my earlier ruling, I take no position on "whether Section 1983 preempts the State's indemnification decision by itself . . . ." (ECF No. 280 at 20-21.) My ruling therefore does not opine on whether the State could indemnify Marinelli if it refrained from applying the liens listed above to recoup the majority of the judgment.

Marinelli failed to present the account statements he attaches to his motion, along with his argument for a setoff, to the Court before the issuance of the March, 2018 ruling. He therefore cannot make such an argument in this context. Second, Marinelli's request for a clarification of his liability in his motion for reconsideration is improper in any event. *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 593 F. Supp. 2d 549, 569 (S.D.N.Y. 2008), *on reconsideration in part* (June 26, 2008) (rejecting plaintiff's added on portion of motion for reconsideration seeking clarification of the Court's order as not properly submitted).

The proper avenue for Marinelli to raise such concerns is in a motion for credit against judgment. *See Holden v. Cities Serv. Co.*, 514 F. Supp. 662, 665 (E.D. Tenn. 1980) (considering defendant's motion for credit against judgment to reduce his liability to plaintiff by amount paid by third-party); Fed. R. Civ. P. 60(b)(5) (permitting relief from judgment if court concludes "the judgment has been satisfied, released or discharged")). Marinelli may file such a motion **within twenty-one (21) days of this ruling**. If any such motion is filed, Williams will have **twenty-one (21) days to file a response**.

### III.        Conclusion

For the reasons stated above, Marinelli's motion for reconsideration (ECF No. 286) is hereby DENIED. He may file a motion for credit against judgment **within twenty-one (21) days of this ruling**. If any such motion is filed, Williams will have **twenty-one (21) days to file a response**.

IT IS SO ORDERED.


_____/s/_____

Michael P. Shea, U.S.D.J.

8

Dated:        Hartford, Connecticut

                June 25, 2018