# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| RASHAD WILLIAMS,<br>    Plaintiff,<br>v.<br>PETER MURPHY, ET AL.,<br>    Defendants. | No. 3:13-cv-01154 (MPS) |

## RULING ON MOTION FOR CREDIT AGAINST JUDGMENT

In 2016, a federal jury found that a Connecticut Department of Correction ("DOC") employee maliciously violated the Eighth Amendment rights of inmate Rashad Williams and awarded him compensatory and punitive damages under 42 U.S.C. Section 1983 ("Section 1983"). After the judgment became final, the State of Connecticut chose to indemnify its employee and to attempt to claw back from Williams the bulk of his award using state laws that allow it to recover the costs of incarcerating him and providing him with public defender services. Williams subsequently filed motions for aid of judgment and to unfreeze assets challenging the State's actions. (ECF No. 241; ECF No. 256.) I ruled that the State of Connecticut's actions in this respect were preempted by Section 1983 and therefore "null and without effect with respect to Williams's judgment." (ECF No. 280 at 44.) I therefore concluded that Williams could "proceed against [defendant Dennis Marinelli] for the full amount of his outstanding judgment with post-judgment interest," which I calculated to be $287,433.92. (*Id.*) Marinelli filed a motion for reconsideration of that order (ECF No. 286), which I subsequently denied. (*See* ECF No. 295.)

In my ruling on Marinelli's motion for reconsideration, I rejected his request to clarify whether any money received from the State that Williams had already spent should count against

1

the total amount Marinelli owed on the judgment—in part because Marinelli had not previously raised this issue. (*Id.* at 7-8.) I noted that the "proper avenue for Marinelli to raise such concerns [was] in a motion for credit against judgment." (*Id.* at 8.) Now before is Marinelli's motion for credit against judgment. (ECF No. 296.) Instead of limiting his motion to the amounts of money that Williams had spent, however, Marinelli moves for a "total credit of $287,433.92" against the judgment—i.e., the total amount of Williams's judgment. For the reasons set forth below, Marinelli's motion is granted in part and denied in part. Marinelli will be credited only for the $16,800 that Williams has actually spent from his inmate account. Marinelli thus still owes a total of **$270,983.72** on Williams's judgment.

### I. Background[1]

Williams filed a complaint under Section 1983 alleging, among other things, that Northern Correctional Institution personnel had been deliberately indifferent to unsafe conditions in violation of the Eighth and Fourteen Amendments to the United States Constitution. (ECF No. 1 at 9.) After a five-day trial in July 2016, a jury agreed as to Marinelli and rendered a verdict in favor of Williams against defendant Marinelli in the amount of $250,000 in compensatory damages and $400,000 in punitive damages. (ECF No. 178.) After remittitur, that verdict was reduced to $300,000—$250,000 in compensatory damages and $50,000 in punitive damages. (ECF No. 220.)

The State indemnified Marinelli and subsequently attempted to use several state reimbursement statutes to claw back the bulk of Williams's judgment. On July 27, 2017, the Assistant Attorney General sent a check for $142,430 to the Connecticut State Department of Correction with instructions that it be deposited into Williams's inmate account, asserting that it

---

[1] I presume the parties' familiarity with the facts of this case and therefore only briefly describe the relevant background for this ruling.

"represent[ed] payment in full" of Williams's judgment. (ECF No. 241-2 at 2.) This half-payment[2] represented payment in full, in the State's view, due to the application of Conn. Gen. Stat. § 18-85b, which allows the State to proceed against any person for the "amount of the costs of [their] incarceration or fifty per cent of the proceeds received by such person after payment of all expenses connected with the cause of action, whichever is less." The State subsequently also invoked Conn. Gen. Stat. § 51-298, which allows it to recover the cost of certain public defender services, in an attempt to recover "at least $48,482.42"[3] more of Williams's judgment. (ECF No. 257-3 at 3 (a complaint filed in state court against Williams).)

Williams did not sit idly by as the State took these actions. On August 17, 2017, he filed a "motion for aid of judgment" requesting that the Court find that the State's application of Conn. Gen. Stat. § 18-85b to his judgment was preempted by Section 1983.[4] (ECF No. 240 at 1). After the State filed a complaint against him in state court for the cost of his public defender services, Williams filed a motion to unfreeze assets claiming that the State of Connecticut had

---

[2] The full amount of Williams's judgment after remittitur was $300,000. The State deducted a total of $15,140 from that amount to account for outstanding child support owed by Williams. (*See* ECF No. 241-1 at 3 (noting that $15,140 of Williams's judgment would be "made payable to Connecticut Child Support for fulfilling [Williams's] statutory obligation to reimburse a child support lien").) Williams did not contest this action in his motion for aid of judgment. (*See* ECF No. 241 at 4.) That reduced Williams's judgment to $284,860. (*See* ECF No. 280 at 28-29.)

[3] At a hearing held on Williams's motions in this case on March 14, 2018, counsel for the State represented that the $48,000 amount covered only a portion of Williams's prior public defender services and that the ultimate amount sought by the State would likely be higher.

[4] After Williams filed this motion, I "certifie[d] to the Connecticut Attorney General that [Williams] ha[d] raised a constitutional challenge to Connecticut's cost of incarceration statute," and that the State would have sixty days to intervene in the matter under 28 U.S.C. § 2403(b). (ECF No. 243; *see also* Fed. R. Civ. P. 5.1). The State eventually filed a brief responsive to Williams's motion. (ECF No. 268.)

3

frozen $65,000 of his judgment in his inmate account.[5]  (ECF No. 257 at 1.)  In a ruling issued on March 29, 2018, I granted in part and denied in part Williams's motion for aid of judgment, and denied his motion to unfreeze assets.  (ECF No. 280 at 44.)  In particular, I concluded that "[t]he State of Connecticut's application of its authority to recover the costs of incarceration and providing public defender services after its voluntary indemnification of Marinelli for an award including punitive damages so undermines the purposes of [Section 1983] as to be preempted."  (*Id.* at 31-32.)  I therefore "conclud[ed] that these actions ha[d] not reduced the amount of the judgment owed by Marinelli, the judgment debtor."  (*Id.* at 32.)  While I noted that the Eleventh Amendment to the United States Constitution barred me from "issu[ing] an order requiring the State of Connecticut to pay Williams any portion of his judgment" (*id.* at 33), I determined that "it [did] not prevent me from concluding that the State's actions have not satisfied [Williams's] judgment and that Marinelli remains liable for the full amount."  (*Id.* at 37.)  I therefore granted "Williams declaratory relief and [held] that his judgment against Marinelli ha[d] not been satisfied due to the fact that the State of Connecticut's actions in this case . . . conflict with Section 1983 and are therefore preempted."  (*Id.* at 44.)

On April 12, 2018, Marinelli filed a motion for reconsideration of the Court's order.  (ECF No. 286.)  In his motion for reconsideration, Marinelli asked for clarification of the amount of his liability to Williams.  (ECF No. 286 at 12-13.)  Marinelli noted, for the first time, that Williams had spent "over $16,800.00" and had "access to $62,009.35 for his continued personal use and consumption."  (*Id.* at 13.)  Marinelli asked the "Court to clarify whether funds used for personal use and consumption by Williams can be applied as a credit[] against the full amount

---

[5]  Williams also attempted to remove the state court action concerning the public defender lien to this Court.  I subsequently granted the State's motion to remand that matter to state court.  (*See Connecticut v. Williams*, 17cv2023 at ECF No. 22.)

4

owed to Williams to satisfy the amended judgment." (*Id.* at 14.) I denied this request on the twin bases that it relied upon new evidence and was an improper new argument on a motion for reconsideration. (ECF No. 295 at 7-8.) I noted, however, that "if Williams did spend [the amounts Marinelli alleged], it would be consistent with my March, 2018 ruling to credit Marinelli for these sums." (*Id.* at 7.) I invited Marinelli to file a motion for credit against judgment raising his concerns within twenty-one days of my ruling. (*Id.* at 8.) Marinelli filed such a motion on July 14, 2018. (ECF No. 296.)

**II.     Discussion**

Rule 60(b)(5) of the Federal Rules of Civil Procedure provides a court with the power to "relieve a party or its legal representative from a final judgment . . . [if] the judgment has been satisfied, released or discharged." *See also* Holden v. Cities Serv. Co., 514 F. Supp. 662, 665 (E.D. Tenn. 1980) (considering defendant's motion for credit against judgment to reduce his liability to plaintiff by amount paid by third-party). Here, Marinelli moves for a credit against the judgment he owes to Williams based on the following sources, all of which derive from funds from the State of Connecticut: (1) a $15,140 child support obligation paid on Williams's behalf by the State of Connecticut; (2) $16,800 in funds that Williams spent; (3) $62,000 available to Williams in his inmate account; (4) $65,000 currently under an administrative hold placed by the State; (5) $13,127 that the State is currently seeking to recoup for child support in an ongoing action in state court; (6) $1,064.88 that the State allegedly paid to Williams as the statutory interest on his judgment; and (7) the remaining $142,430 of Williams's judgment based on the State's application of the cost of incarceration lien. (ECF No. 296-1 at 3-6.) I address each of these claims below.

**A.  $15,140 Child Support Obligation**

Marinelli argues that he is entitled to a credit for a payment by the State of Connecticut "in the amount of $15,140 made payable to Connecticut Child Support for fulfilling Williams'[s] statutory obligation to reimburse a child support lien." (ECF No. 296-1 at 3.) In support of this contention, he cites my ruling on Williams's motion for aid of judgment. (*See id.* (citing ECF No. 280 at 43 (concluding that "the amount of the judgment should . . . be considered reduced by $15,140.00 as of July 27, 2017").) Marinelli's argument misconstrues my ruling. For reasons I explained, I reduced the amount of Williams's judgment by $15,140.00 in that ruling, leaving a total judgment of $287,433.92. (*See* ECF No. 280 at 28-29, 43-44.) In other words, I have already effectively credited Marinelli for the $15,140 child support lien.

### B. $16,800 Already Spent by Williams

Marinelli claims he is entitled to a credit for $16,800.00 used by Williams "for the purchase of commissary items and issuance of checks made payable to family and friends." (ECF No. 196-1 at 3-4.) Williams agrees with this contention. (ECF No. 298 at 3.) As such, I grant Marinelli this credit.

### C. $62,000 in Unfrozen Funds in Williams's Inmate Account

Marinelli argues that he should be credited for $62,000 paid by the State to Williams that remains accessible to Williams in his inmate account. (ECF No. 296-1 at 4.) In his argument, Marinelli fails to specify how he concluded that Williams has access to $62,000. The only citation in this portion of Marinelli's brief is to "ECF No. 295, at 4," my ruling denying Marinelli's motion for consideration. (ECF No. 296-1 at 4 (emphasis omitted).) Neither the cited page of my ruling nor any other part of that ruling states that Williams has access to $62,000 in his inmate account. This alone provides enough of a basis to deny Marinelli credit against the judgment for this amount. Even if Marinelli had provided proof that Williams had

6

access to $62,000 in his inmate account, however, my conclusion would remain the same. As I noted in my ruling on Williams's motion for aid of judgment, the State of Connecticut Department of Corrections ("DOC") maintains substantial control over inmates' accounts:

> The DOC creates an account for each inmate and maintains control over the management of the account. *See* State of Connecticut Department of Correction, Administrative Directive 3.7 (2017) ("Administrative Directive 3.7") (Sec. 1: requiring DOC to "act as the fiduciary agent and maintain a financial management system to handle inmate monies"; Sec. 8: requiring DOC to open and maintain account for each inmate). The State controls the manner in which inmates can receive funds into the account, who can contribute such funds, and the subsequent disbursement of the funds. (*Id.*, sec. 6; *see also* State of Connecticut Department of Correction, Administrative Directive 3.2 (2017) ("Fiscal Services shall control and document all disbursement of funds.")). Further, the regulation authorizes the State to hold funds in the account to pay for "inmate obligations as provided by statute or Administrative Directive." (Administrative Directive 3.7, sec. 6.g).

(*See* ECF No. 280 at 9, n. 6.) The State's freezing of $65,000 in Williams's inmate account illustrates the degree of its control over the funds in the inmate account. (*See* ECF No. 296-1 at 4 (noting that this freeze took place); ECF No. 257 at 1 (averring that the State "unilaterally" placed this freeze on the funds in question); *see also* ECF No. 280 at 27 & n. 17).) When this control is coupled with the State's ongoing, multi-front effort to recover money from Williams (*see, e.g.*, ECF No. 296-1 at 6 (noting that the "State of Connecticut is seeking to recover [more money from Williams] in family court for [Williams's] other child support debts or obligations")), it cuts against granting Marinelli credit for the currently unfrozen portion of the amount in Williams's inmate account. (*See* ECF No. 280 at 26-27 (noting that placing funds in inmate account did not put them under Williams's dominion and control).) I therefore conclude that Marinelli's request for credit for the $62,000 that allegedly remains available to Williams is premature until he exercises dominion and control over those monies.[6]

---

[6] Of course, nothing prevents the parties from reaching an agreement on this issue that would allow Williams unfettered access to the money, prevent the state from seizing or holding it, and afford Marinelli a credit for it.

7

### D. $65,000 Placed Under an Administrative Hold by the State

Marinelli contends that he is entitled to a credit for $65,000 in funds placed under an administrative hold by the State as it attempts to recoup much of those funds through the application of a public defender lien. (*See* ECF No. 296-1 at 5.) Marinelli contends that even if Williams does not retain these funds, my analysis in reducing Williams's judgment by the amount of the State's $15,140 child support lien suggests that Marinelli should be credited for this amount. This is incorrect. As I noted in my ruling on Williams's motion for aid of judgment, Williams did not contest the $15,140 reduction of his judgment to reimburse his child support lien. (*See* ECF No. 280 at 8, n. 4.) Further, as I noted in that ruling, that lien "was paid to the mother of Williams's child, not the State of Connecticut," and thus did not reduce the deterrent effect of the judgment. (*Id.* at 28-29) Neither of these factors applies to the State's application of the public defender lien. Indeed, I have already concluded that Williams's judgment *was not* reduced by the State of Connecticut's application of the public defender lien. (*See* ECF No. 280 at 44 ("I grant Williams declaratory relief and hold that his judgment against Marinelli has not been satisfied due to the fact that the State of Connecticut's actions in this case—i.e., its voluntary indemnification of Marinelli for a punitive damages award and subsequent application of various liens [including the public defender lien] against Williams's judgment to recoup the vast majority of the judgment—conflict with Section 1983 and are therefore preempted.").) As such, Marinelli is not entitled to a credit for this amount.

### E. $13,127 in Funds the State is Currently Seeking Through a New Child Support Lien

Marinelli moves for credit against Williams's judgment for $13,127 the State of Connecticut is currently attempting to recoup through various child support liens.[7] (*See* ECF No. 296-1 at 6-8.) Marinelli argues that "[s]ince this court treated the payment of child support of $15,140.00 as compensation to Williams, the same [principle] must be applied here." (ECF No. 196-1 at 5.) I noted in my ruling on Williams's motion for aid of judgment, however, that I did not take these *pending* child support liens into account in that ruling because "the parties [had] not briefed the impact of any such additional cost recovery efforts on the preemption issue and because the State represented in [an] affidavit that the child support cost recovery efforts are intertwined with the State's obligations under federal law . . . ." (*See* ECF No. 280 at 11, n. 11.) The same is true today. Marinelli has provided no details about the nature of these other child support liens, and it is not clear who would receive the monies if the state prevailed. Based upon the limited information before me, and given that the child support proceeding is contested and ongoing, I decline to award credit for these amounts at this time.

### F. $1,064.88 for Statutory Interest on Williams's Judgment

Marinelli requests the application of a credit for $1,064.88 paid by the State of Connecticut to Williams for statutory interest on the amended judgment. (*See* ECF No. 296-1 at 6.) In support of this argument, Marinelli notes that "funds have been withdrawn against the amount for personal use by Williams" and that "the court did not take this payment into account and calculated post interest in the amount of $1,025.92 to be added to the amended judgment." (*Id.* (citing ECF No. 280 at 43.)) I have already credited Marinelli for the amounts of money that Williams spent. This sum of money—even if it was earmarked by the State as payment for

---

[7] More specifically, Marinelli moved for credits of $1,333.00 and $11,794.00—both of these amounts, however, pertain to the application of a child support lien by the State of Connecticut in an ongoing court proceeding. (*See* ECF No. 296-1 at 5-6 (citing *Laura Morgan, et al., v. Rashad Williams*, HHD-FA94-0617293).) I therefore address these amounts together.

9

Williams's post-judgment interest, a point Marinelli simply asserts—is presumably lumped in with the remainder of the alleged $62,000 available to Williams in his inmate account. I therefore deny Marinelli's request for credit for this sum for the same reasons that I denied his request for credit for that amount.

### G. $142,430 Credit for Cost of Incarceration

Marinelli argues that he is entitled to a credit for $142,430 claimed by the State for Williams's cost of incarceration. (ECF No. 296-1 at 6.) While Marinelli recognizes that my ruling on Williams's motion for aid of judgment forecloses this argument, "he continues seek [sic] this as a credit to thereby not be construed as a waiver [sic] in any way of this claim or argument." (*Id.*) Inasmuch as this argument requests that I reconsider my previous ruling, it is untimely. *See* D. Conn. L. R. 7(c) ("Motions for reconsideration . . . shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought . . . ."); (ECF No. 280 (ruling issued on March 29, 2018).) Further, Marinelli already filed a motion for reconsideration challenging my ruling (ECF No. 286), which I denied. (ECF No. 295.) In any event, Marinelli fails to point to any "controlling decisions or data that the court overlooked." *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[T]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."); *see also* D. Conn. L. R. 7(c)(1) ("[Motions for reconsideration] will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order.").

I therefore deny Marinelli's request to offset Williams's judgment by the amount of the State's cost of incarceration lien.

### H. Recalculated Amount of Marinelli's Liability to Williams

In light of my analysis above, I credit Marinelli for the $16,800 paid by the State to Williams that Williams has already spent. As such, the total amount of Marinelli's liability is $287,433.92 (*see* ECF No. 280 at 45 (noting this is the judgment amount)), less $16,800.00, which amounts to $270,633.92. In addition, today I granted Williams's unopposed motion for costs. (ECF No. 299.) Thus, Marinelli owes Williams an outstanding judgment of $270,983.72.

Marinelli also "moves this court for permission to supplement his pending motion inasmuch as the court's ruling has caused confusion and was inappropriately relied upon by Williams at a hearing before a family support magistrate." (ECF No. 296-1 at 7.) Again, Marinelli provides no details or backup to support this assertion. To the extent he wishes to file additional motions for credits against the judgment based on amounts actually spent by Williams or actually used by him to pay third parties other than the state, he may do so. The Second Circuit may prefer to avoid addressing a moving target, however, in reviewing my ruling on Williams's motion for aid of judgment. I will therefore refrain from addressing further motions for credit against the judgment until the termination of Marinelli's appeal.[8]

### III. Conclusion

For the reasons set forth above, Marinelli's motion for aid of judgment (ECF No. 296) is granted in part and denied in part. It is granted with respect to the $16,800.00 of the State's

---

[8] I addressed this motion, in spite of the pending appeal, because (1) Williams has not contested that Marinelli is entitled to a credit against the judgment for the money Williams already spent, and (2) the appeal is currently stayed pending my ruling on Marinelli's motion for credit against the judgment. (*See Williams v. Marinelli*, 18-1263, at ECF No. 17 (letter dated September 12, 2018, noting that the "case has been stayed or otherwise held pending developments in other proceedings" and requesting a status update); *id.* at ECF No. 19 (letter dated September 13, 2018 from Marinelli requesting that the Second Circuit "allow the current stay to remain in effect until the District Court decides the pending motion for credit against judgment").)

funds that Mr. Williams has already spent. It is denied with respect to the remainder of Marinelli's requests for an offset. Thus, the amended amount of Marinelli's liability to Williams is **$270,983.72**.

IT IS SO ORDERED.

/s/

Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut

October 5, 2018