UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RASHAD WILLIAMS,
    *Plaintiff*,

v.

PETER MURPHY et al.,
    *Defendants*.

No. 3:13cv1154 (MPS)

**RULING ON MOTION FOR LEAVE TO DEPOSIT FUNDS INTO COURT**

Pending before the Court is a "Motion for Leave to Deposit Funds Into Court" under Fed. R. Civ. P. 67. ECF No. 318. I assume familiarity with the extensive procedural history of this case and set forth only those facts necessary to my disposition of the motion.

Following post-verdict motions, the plaintiff, Rashad Williams, an inmate in the custody of the Connecticut Department of Correction, obtained an amended judgment in his civil rights action against the defendant, Dennis Marinelli, in his individual capacity, in the amount of $300,000, which included an award of punitive damages. Marinelli's then-employer, the State of Connecticut, voluntarily sought to indemnify him and satisfy the judgment on his behalf. In furtherance of this objective, in 2017, the State caused to be deposited a check in the amount of $142,430 to Williams's inmate account. *Williams v. Murphy*, 2018 WL 2016850, at *4 (D. Conn. Mar. 29, 2018), aff'd sub nom. *Williams v. Marinelli*, 987 F.3d 188 (2d Cir. 2021).

Litigation ensued regarding the State's actions of indemnifying Marinelli coupled with its attempts to claw back more than half of the judgment. I held that the collective impact of the State's actions irreconcilably conflicted with the purposes of Section 1983, and that the actions were preempted. Because the State's actions were preempted, I found that they had no effect on the judgment and determined that virtually the entire damages award against Marinelli remained

unsatisfied.[1]  *Id.* at *17.  I separately determined that the State's depositing of $142,430 into Williams's inmate account did not compensate him because those monies were not under his "sole dominion and control" but "remain[] under the control of the DOC."[2]  *Id.* at *12.  The consequences of all this, I found, was that the State's "actions had not reduced the amount of the judgment owed by Marinelli, the judgment debtor[,]" *id.* at *14, that "Marinelli remains liable for the full amount" of the judgment, *id.* at *17, and that Williams "may proceed against Marinelli for the full amount of the judgment[.]" *Id.* at *18.  The Second Circuit affirmed, stating, in pertinent part, that "the State's actions here conflict sufficiently sharply with § 1983's goals, particularly the goal of deterring state officers from abusing prisoners in their charge in violation of their constitutional rights, to justify the district court's conclusion that the State's attempt to discharge Marinelli's judgment obligations while recouping more than half the judgment through its cost-recovery statutes is preempted by § 1983, and the judgment against Marinelli remains outstanding." *Williams v. Marinelli*, 987 F.3d 188, 201 (2d Cir. 2021).

The State now moves to deposit $149,472 with the Clerk of the Court under Rule 67.  It states that this is the "disputed half" of the judgment plus post-judgment interest, ECF No. 318 at 1, and constitutes the "remainder of the judgment owed to the plaintiff." ECF No. 320 at 1.  The State requests that the Court grant it leave to deposit the funds, order the Clerk of the Court to

---

[1] Of the $300,000 jury verdict, Marinelli was credited $15,140 that the State paid to the custodial parent of Williams's child in satisfaction of a child support lien and $16,800 which Williams had received in his inmate trust account and had spent.  At the time of my ruling in March 2018, the outstanding amount of the judgment Marinelli owed to Williams with post-judgment interest was $287,433.92.  *Id.* at *19 ("[Williams] may proceed against Marinelli for the full amount of his outstanding judgment with post-judgment interest, which is $287,433.92.")

[2] The State "froze" at least some of the deposited funds.  *Williams v. Murphy*, 2018 WL 2016850, at *12.  Williams represents that the funds remain frozen. ECF No. 321 at 6.

accept the payment under Rule 67(a), and order the Clerk to render payment "of the remainder of the judgment to the plaintiff." ECF No. 318 at 2, ECF No. 320 at 2.

The State's motion is deficient. By its terms, Rule 67 applies to parties.[3] *See also Radha Geismann, M.D., P.C. v. ZocDoc, Inc*., 909 F.3d 534, 541–42 (2d Cir. 2018) ("Rule 67 'is just a procedural mechanism that allows a party to use the court as an escrow agent.'") (citation omitted). It is undisputed that the State is not a party. *Williams v. Murphy*, 2018 WL 2016850, at *16 ("the State is not even a party to this action, except for the limited purpose specified in 28 U.S.C. § 2403, i.e., to defend the constitutionality of its statutes."). More substantively, the proffered amount does not satisfy the judgment. As indicated, the *entire* amount of the judgment remains outstanding, notwithstanding the State's previous deposit of $142,430 in Williams's inmate account, both because the State's action was preempted and, thus, a nullity, and because those monies were not, and are not, under his "sole dominion and control" but "remain[] under the control of the DOC." 2018 WL 2016850, at *12.

For these reasons, the motion for leave to deposit fund into court (ECF No. 318) is denied.

IT IS SO ORDERED.

                                                                      /s/_____
                                                                    Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
        April 27, 2022

---

[3] Fed. R. Civ. P. 67 provides that:
    (a)    Depositing Property. If any part of the relief sought is a money judgment or the disposition of a sum of money or some deliverable thing, *a party*—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.
    Emphasis added.

3