UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RASHAD WILLIAMS, <br><br> *Plaintiff*, <br><br> v. <br><br> PETER MURPHY, et al., <br><br> *Defendants*. | No. 3:13cv1154 (MPS) |

**RULING ON MOTION FOR CONTEMPT**

The plaintiff, Rashad Williams, has filed a motion for contempt under Fed. R. Civ. P. 37

against the defendant, Dennis Marinelli, on the grounds that he failed to comply with the Court's

order compelling his compliance with requests for post-judgment discovery and appearance for

deposition.  ECF No. 316.  For the reasons stated herein, the plaintiff's motion is granted.

**Legal Standard**

Rule 37(b)(2)(A)(vii) provides in pertinent part:

(2) Sanctions Sought in the District Where the Action is Pending.
   (A) For Not Obeying a Discovery Order.  If a party...fails to obey an order to
provide or permit discovery...the court where the action is pending may issue
further just orders. They may include the following:
                            …
      (vii) treating as contempt of court the failure to obey any order except an
order to submit to a physical exam.

Rule 37(b)(2) further provides:

(C) Payment of Expenses. Instead of or in addition to the orders above, the court
must order the disobedient party, the attorney representing that party, or both to pay
the reasonable expenses, including attorney's fees, caused by the failure, unless the
failure was substantially justified or other circumstances make an award of
expenses unjust.

"To establish contempt for failure to obey a court order, the movant must show (1) the order the

alleged contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance

is clear and convincing, and (3) the alleged contemnor has not diligently attempted to comply in a

reasonable manner." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 111 (2d Cir. 2015).

**Discussion**

In March 2021, the plaintiff served Marinelli with interrogatories and requests for production and also noticed his deposition.  Marinelli did not respond to the discovery requests and the deposition did not go forward.  In May 2021, the plaintiff filed a motion to compel under Fed. R. Civ. P. 37.  ECF No. 306.  Marinelli did not file anything in response to the motion.  On August 12, 2021, the Court held a conference call during which, among other things, the State indicated it was seeking to satisfy the judgment on behalf of Marinelli, to which the Court responded with some commentary.  On August 26, 2021, the Court granted the plaintiff's motion to compel and ordered Marinelli to provide responses to the discovery requests within 21 days of the order.  ECF No. 315.

Marinelli did not, however, provide responses as ordered.  ECF No. 317-2, Butts Decl. ¶ 3. The plaintiff filed this motion seeking an order finding Marinelli in contempt and an award of reasonable attorneys' fees, an order that Marinelli attend a deposition at the courthouse, and an order that Marinelli bring to the deposition all documents that the plaintiff had requested in his discovery requests.  After the plaintiff filed his motion, the State moved for leave to deposit funds with the Clerk of the Court under Fed. R. Civ. P. 67 in an effort to satisfy the judgment against Marinelli, and forestall the plaintiff's post-judgment discovery efforts.  ECF No. 318.  The State and Marinelli filed a response to the plaintiff's motion for contempt indicating that in light of the State's motion, the discovery requests were moot.  ECF No. 320.  The Court, however, denied the State's motion today in a separate order.

The plaintiff has proven by clear and convincing evidence that Marinelli knowingly and willfully failed to comply with a court order.  I therefore grant the motion.  Nonetheless, because during the August 12 conference call I mentioned the possibility that depositing the amount of the judgment with the Court might moot the case, comments that might have misled and/or confused the State and Marinelli, I will vacate this order if within 14 days the defendant files proof on the docket that he has (1) responded to the discovery requests and (2) provided 3 dates within the next 45 days at which he is available to sit for a deposition.

Should the defendant fail to file proof of compliance within 14 days, plaintiff's counsel may file a fee application with supporting documentation for fees incurred in connection with the failure to comply with the court's order.

**Conclusion**

The plaintiff's motion (ECF No. 316) is granted as set forth above.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:  Hartford, Connecticut
          April 27, 2022