UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RASHAD WILLIAMS <br><br> Plaintiff, <br><br> v. <br><br> PETER MURPHY, ET AL., <br><br> Defendants. | Case No.: 3:13-cv-01154-MPS <br><br><br><br><br><br><br> JUNE 24, 2022 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CIVIL CONTEMPT AGAINST DEFENDANT DENNIS MARINELLI

This Court has already found defendant Dennis Marinelli in civil contempt. (ECF No. 323). That blatant contempt continues unabated. Pursuant to Federal Rule of Civil Procedure 37, plaintiff Rashad Williams respectfully requests that the Court find Marinelli in continued contempt of this Court's Orders and issue additional sanctions against Marinelli for his disregard of this Court's Orders. In light of Marinelli's clear and ongoing failure to act, an additional finding of civil contempt, and the imposition of addition sanctions, are appropriate.

## FACTUAL BACKGROUND

The Court is familiar with this case's lengthy procedural history. Since obtaining a federal jury verdict against Marinelli in 2016, Williams has spent nearly six years attempting to obtain and secure that judgment. Marinelli, and, by extension, his representation by the Attorney General's Office of the State of Connecticut, has blocked Williams at every turn.

On September 24, 2021, having served Marinelli with post-judgment discovery which Marinelli ignored, Williams moved the Court to find Marinelli in civil contempt. (ECF No. 316). On April 27, 2022, the Court found that Williams "has proven by clear and convincing evidence that Marinelli knowingly and willfully failed to comply with a court order" and granted that

motion. (ECF No. 323). The Court incorporated a fourteen-day safe harbor provision into its Order, stating that the Order would be vacated if, "within 14 days the defendant files proof on the docket that he has (1) responded to the discovery requests and (2) provided 3 dates within the next 45 days at which he is available to sit for a deposition. (*Id*).[1] That 14-day deadline expired May 11, 2022.

There has been no action from Marinelli. As indicated from the lack of any filing of proof on the docket, Marinelli has not responded to the discovery requests, nor has he provided dates for a deposition.

The undersigned recently became aware that, on May 26, 2022, an attorney with the Attorney General's Office wrote to the Department of Correction in connection with this matter. (Exhibit 1). This correspondence was in apparent violation of Rule 4.2 of Rules of Professional Conduct (made applicable by Rule 83.2(a) of the Local Rules of Civil Procedure in the District of Connecticut) which prohibits direct communications with represented parties by lawyers who are aware of such representation. Here, although Williams was sent a copy of the letter, his counsel was not.

That correspondence purported to enclose a check in the amount of $142,430.00, and directed the Department of Correction to deposit those funds into Williams's inmate trust fund account as it represented "payment in full in accordance with the terms of the Settlement Agreement in the above-referenced matter."

This assertion is baseless: there is no "Settlement Agreement" nor could Marinelli or the Attorney General's Office reasonably believe there to be one. The correspondence represents

---

[1] The Court's Order also provided that, should Marinelli fail to file proof of compliance within fourteen days, Williams' counsel may file a fee application with supporting documentation for fees in incurred in connection with the failure to comply with the court's Order. (*Id*.). That application will be forthcoming.

only the latest instance of the State attempting to take unilateral, unauthorized action, purportedly on behalf of Marinelli, to satisfy Marinelli's judgment.

## LEGAL STANDARD

"Federal courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Lawrence v. Richman Grp. of Connecticut, LLC*, No. 3:03-cv-850 (JBA), 2005 WL 8166193, at *3 (D. Conn. Jan. 13, 2005) (quotation and citation omitted). "A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Id*. (*citing Paramedics Electromedicina Commercial, Ltda. v. GE Medical Sys. Info. Techs., Inc*., 369 F.3d 645, 655 (2d Cir. 2004)). "A civil contempt judgment is conditional on obedience to the order, prospective in operation, and often for the benefit of the other party to the litigation." *Id.*, at *2. "It is not necessary to show that the noncompliance was willful" for a movant to succeed on a contempt motion. *Donovan v. Sovereign Sec., Ltd*., 726 F.2d 55, 59 (2d Cir. 1984).

"A district court clearly has discretion to impose contempt sanctions for violations of post-judgment discovery orders." *Frazier v. APM Fin. Sols., LLC*, No. 3:11CV1762(AWT), 2015 WL 8483237, at *2 (D. Conn. Dec. 9, 2015). "Courts in this circuit have often awarded attorneys' fees to sanction a party who disregards his discovery obligations." *Tourmaline Partners, LLC v. Monaco*, No. 3:13CV108 WWE, 2014 WL 4810253, at *8 (D. Conn. Sept. 23, 2014) (citing cases); *see also* Fed. R. Civ. P. 37(b)(2)(C).

## ARGUMENT

The Court has already found Marinelli in contempt. Despite being provided with an opportunity to cure that contempt, Marinelli did (and has) not. The only question remaining, therefore, is the appropriate sanction for this blatant disregard of this Court's authority. As set forth below, Williams requests that the Court order that:

1. Marinelli pay a daily fine of $500;

2. Marinelli pay all of Williams' attorneys' fees related to Marinelli's continued non-compliance with the Court's orders; and

3. Marinelli be confined until he complies with the Court's Orders.

### A. A Daily Fine of $500

Williams respectfully requests that the Court impose a daily fine of $500 against Marinelli, and to be paid to Williams, running from May 12, 2022 (the first day following the 14-day window that the Court provided to Marinelli to cure the non-compliance) through such time as Marinelli complies with the Court's post-judgment discovery Orders.

Sanctions for civil contempt may be used to coerce compliance with a court order or to compensate complaining party for actual damages resulting from noncompliance. *New York State National Organization for Woman v. Terry,* 886 F.2d 1339, 1352-53 (2nd Cir. 1989); *Paramedics Electromedicina Commercial v. GE Medical Systems Information Technologies Inc.*, 369 F.3d 645, 658 (2nd Cir. 2004). In this case, the proposed daily fine serves both purposes – to coerce Marinelli to comply with the Court's post-judgment discovery order and to compensate Williams for the plain injury caused by Marinelli's continued delay in allowing Williams to obtain the discovery in connection with his efforts to secure his judgment from Marinelli.

The Court has discretion in determining an appropriate fine but ought to consider: "(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of the sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." *Terry,* 886 F.2d at 1353 (citing *Dole Fresh Fruit Co. v. United Banana Co*., 821 F.2d 106, 110 (2nd Cir. 1987)); *Bridgeport Guardians v. Delmonte,* 371 F. Supp. 2d 115, 120 (D. Conn. 2005). All three factors suggest that a significant daily fine is warranted.

*First*, the character and magnitude of the harm threatened by the continued contumacy should not be understated. A former employee of the State of Connecticut, backed at every turn by the State, has plainly and repeatedly ignored this Court's Orders at the expense of an incarcerated individual whose civil rights he was convicted of violating. Permitting Marinelli's non-feasance to continue unabated sends a dangerous signal to others that, even facing an adverse jury verdict, there is no consequence for an unsatisfied judgment.

*Second*, the proposed daily fines will accumulate only as long as Marinelli's continued contempt and failure to respond to post-judgment discovery do. Having yet to face any monetary penalty for his noncompliance, an imposition of monetary sanctions is likely to bring about Marinelli's compliance.

*Third*, Williams is unable to assess Marinelli's financial resources for the very reason that this motion is being filed – Marinelli has failed to provide that information. Having failed to do so, Marinelli cannot now claim that sanctions are beyond his means. *See Trustees of Connecticut Pipe Trades Local 77 Health Fund v. Plumbing Creations, LLC,* No. 3:15-cv-00822, 2019 WL 3051293 (D. Conn. 2019). Moreover, to the extent that Marinelli's non-compliance is driven by attorneys from the Attorney General's Office, and given that the State has, so far asserted its

intent to indemnify Marinelli for costs arising out of the action, the State of Connecticut certainly has the financial resources so that the daily fine will not present a hardship.

### B. Attorneys' Fees

The Court has already permitted Williams to seek attorneys' fees in connection with the making of the first Motion for Contempt. (ECF No. 323). As Marinelli's non-compliance has continued, so has the time, effort, and resources of Williams and his counsel to obtain information required to secure the judgment. Those fees and expenses fall squarely at Marinelli's feet.

### C. Confinement of Marinelli Until Compliance

"The inherent power of all courts to order the confinement of a contemnor is firmly established." *ACLI Gov't Sec., Inc. v. Rhoades*, 989 F. Supp. 462, 465 (S.D.N.Y. 1997), *aff'd*, 159 F.3d 1345 (2d Cir. 1998) (*citing Chambers v. NASCO, Inc*., 501 U.S. 32, 44 (1991)). "A civil contempt sanction typically involves 'confining a contemnor until he complies with an affirmative command.' A court may confine a civil contemnor only 'when the contemnor is given the option of earlier release if he complies … [and] is able to purge the contempt and obtain his release.' Civil contempt therefore performs a remedial and not punitive function." *Id*. (citations omitted). In other words, the contemnor "carries the keys of his prison in his own pocket." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994) (citations omitted).

Here, Marinelli has repeatedly demonstrated a complete disregard for this Court's Orders, and the post-judgment discovery process in general. He has done so with the apparent imprimatur of the State of Connecticut. This should not be permitted to continue. While confinement may be a serious sanction, so is Marinelli's profound disregard for the legal process.

## **CONCLUSION**

For the foregoing reasons, Williams respectfully requests that the Court find Marinelli in continued civil contempt and order: (1) that Marinelli pay a daily fine of $500; (2) that Marinelli pay all of Williams' attorneys' fees related to Marinelli's continued non-compliance with the Court's orders; and (3) that Marinelli be confined until he complies with the Court's Orders.

|  |  |
|---|---|
| Respectfully submitted, | By: */s/ J. Tyler Butts* <br> Linda L. Morkan (ct03196) <br> J. Tyler Butts (ct28641) <br> ROBINSON & COLE LLP <br> 280 Trumbull Street <br> Hartford, CT  06103-3597 <br> Tel:  860-275-8200 <br> Fax:  860-275-8299 |

**CERTIFICATION**

I hereby certify that on June 24, 2022 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: */s/ J. Tyler Butts*
J. Tyler Butts